**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-2131

ROYAL CAR RENTAL, INC.; BUMPERS ROYAL CORP.;
FRANK LÓPEZ-CARBALLO; NAIDABEL SOTO-MENÉNDEZ,

Plaintiffs, Appellants,

v.

BANCO POPULAR DE PUERTO RICO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Howard, Lipez and Kayatta,
Circuit Judges.

Fernando E. Longo-Quiñones and Berríos & Longo Law Offices,
P.S.C. on brief for appellants.
    Salvador J. Antonetti-Stutts and O'Neill & Borges LLC on brief
for appellee.

May 24, 2013

**Per Curiam**.  This is an appeal of the dismissal of a complaint against Banco Popular de Puerto Rico ("Banco Popular") arising from conduct by Westernbank Puerto Rico, Inc. ("Westernbank"), whose assets and liabilities Banco Popular assumed when Westernbank failed.  In light of our decision in Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14 (1st Cir. 2013), we vacate the district court's judgment and remand the case with instructions to dismiss for lack of subject matter jurisdiction.

In 2007, Westernbank extended a line of credit to Royal Car Rental, Inc. ("Royal") for the purpose of acquiring a fleet of vehicles to use in Royal's business.  Westernbank required that Royal pledge the vehicles as collateral, and that the loan be guaranteed by Royal's affiliate Bumpers Royal, Inc.; Frank López-Carballo, the sole shareholder of Royal and Bumpers Royal; and López's then-spouse, Naidabel Soto-Menéndez.  According to the complaint, Westernbank later falsely represented that Royal was not complying with the terms of the loan and wrongfully attempted to accelerate the debt.  Royal was forced to file for bankruptcy, and it commenced an adversary proceeding against Westernbank in 2009.  The bankruptcy court granted summary judgment to Westernbank, and Royal did not appeal.  Around the same time, the guarantors of Royal's loan sued Westernbank on similar grounds in Puerto Rico's

Court of First Instance.  That court also granted summary judgment to Westernbank.

Shortly before it was awarded summary judgment in the bankruptcy and commonwealth courts, Westernbank was closed by the Puerto Rico Office of the Commissioner of Financial Institutions, and the Federal Deposit Insurance Corporation ("FDIC") was named Westernbank's Receiver.  The FDIC immediately transferred all of Westernbank's deposits and certain of its loans (including the loan at issue here) to Banco Popular under a Purchase and Assumption Agreement.

Following the closure of Westernbank, Royal and the guarantors of its loan filed yet another action on similar grounds in the Court of First Instance, this time against Banco Popular as successor to Westernbank.  Banco Popular removed the action to the United States District Court for the District of Puerto Rico.  The plaintiffs amended their complaint, alleging various wrongful actions by Westernbank, including the use of perjury to deceive the bankruptcy court.  The amended complaint's allegations against Banco Popular all depended on Westernbank's conduct:  Banco Popular "did not rectify Westernbank's conduct," and its "actions have been the continuation of the conduct, acts, perjury, dolus [a concept similar to fraud in the inducement], breach, and fraud in which Westernbank was embarked against [Royal] and plaintiffs."  The district court dismissed the action for failure to state a claim,

-3-

primarily because the bankruptcy court had already decided many of the issues in the case. The plaintiffs appealed.

After the parties had briefed this appeal, but before oral argument, we held in Acosta-Ramírez that no court had jurisdiction over a suit for severance pay by former employees of Westernbank against Banco Popular. 712 F.3d at 15-16. That was because the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183, requires that claims based on the actions of a failed bank be submitted to the FDIC through its administrative claims process. 12 U.S.C. § 1821(d)(3)-(13). If a claimant does not exhaust his or her administrative remedies, then "no court shall have jurisdiction over . . . any claim relating to any act or omission of" the failed bank. Id. § 1821(d)(13)(D). At our request, the parties and the FDIC submitted supplemental briefs discussing whether we have jurisdiction over this appeal in light of Acosta-Ramírez.

The appellant makes no persuasive argument that the complaint alleges a claim that is unrelated to the conduct of Westernbank. On the contrary, every allegation against Banco Popular "relat[es] to an act or omission of" Westernbank. 12 U.S.C. § 1821(d)(13)(D); see Acosta-Ramírez, 712 F.3d at 21. The appellants do not claim that they have availed themselves of the FDIC's administrative claims process. Acosta-Ramírez, 712 F.3d at 21. We therefore conclude that no court has jurisdiction over this

case.  Accordingly, we **vacate** the district court's judgment and **remand** the case with instructions to dismiss for lack of subject matter jurisdiction.  No costs are awarded.